Daniel R. Watkins, Esq.
Nevada State Bar No. 11881
dw@wl-llp.com
WATKINS & LETOFSKY, LLP
8935 S. Pecos Rd., Ste. 22A
Henderson, NV 89074
Office:(702) 901-7553; Fax: (702) 974-1297
Attorneys for Plaintiff Destinie Williams

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DESTINIE WILLIAMS, an individual<br><br>Plaintiff,<br><br>vs.<br><br>STAR PROTECTION AGENCY, LLC<br><br>Defendants. | Case No.: 2:24-cv-00321-JAD-NJK<br><br>**JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SUBMITTED IN COMPLIANCE WITH LR 26-1(b)** |

Plaintiff, Destinie Williams, ("Plaintiff") and Defendant, Star Protection Agency LLC ("Defendant") by and through their respective counsel, hereby submit to the Court the following Joint Proposed Discovery Plan and Scheduling Order ("DPSO") pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1.

## I.  Procedural History

Plaintiff filed a Complaint on December 26, 2023, in the Eighth Judicial District Court, of Nevada against Star Protection Agency LLC. Defendant filed a Notice of Removal in this Court on February 14, 2024. (Doc. 1.) Plaintiff filed an Amended Complaint in this Court on March 21, 2024. (Doc No. 13). Defendant filed an Answer to Plaintiff's Amended Complaint on April 3, 2024. (Doc No. 15.)

///

///

## II.   Federal Rule of Civil Procedure 26(f) Meeting

Pursuant to Federal Rule of Civil Procedure 26(f), on **May 14, 2024**, Counsel for Plaintiff, Daniel Watkins, Esq. and counsel for Defendant, Lori Brown, Esq. participated in a Rule 26(f) Conference.

## III.   Initial Disclosures

On April 26, 2024, Defendant served its Initial Disclosures on Plaintiff. Plaintiff will serve her Initial Disclosures on or before **May 27, 2024**.

## IV.   The Subjects on Which Discovery Will Be Conducted

The parties agree that discovery will be needed on the Plaintiff's claims and causes of action, damages, including any economic, compensatory, and emotional distress damages, as well as the Defendant's denials of factual allegations and defenses to the same consistent with the Federal Rules of Civil Procedure and the Local Rules of this District.

## V.   Issues Related to The Disclosure or Discovery Of Electronically Stored Information

The parties hereby certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations.  At this time, the parties believe that this case may involve or require the inspection or production of some electronically stored information ("ESI").  To the extent a party requests ESI, the parties agree that the ESI can be produced as a readable image (*e.g.*, .pdf or .tiff) file, while reserving the right to seek ESI thereafter if necessary and to the extent readable images are insufficient in establishing any claims or defenses.  If a party later requests the ESI be produced in its native format and/or as a forensic copy, the parties agree to meet and confer to determine the parameters of the production and to produce according to the Federal Rules of Civil Procedure and LR 26-1(b)(9).

Accordingly, the parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly, meaning within fifteen (15) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been

withheld.  Once the producing party provides such notice to the requesting party, the requesting party must promptly, meaning within seventy-two (72) hours, return the specified document(s) and any copies thereof.  By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

**VI.**  **Discovery Disputes**

The parties agree to forego the optional requirement of a court conference under Federal Rules of Civil Procedure 16(b)(3)(B)(v).

**VII.**  **Limits On Discovery**

At this time, except as explicitly stated herein, the parties agree that discovery will be conducted with the Federal Rules of Civil Procedure and applicable Local Rules of this District Court without limitation or modification of the same.

**VIII.**  **Alternative Dispute Resolution**

The parties hereby certify that they have met and conferred about the possibility of using alternative dispute resolution processes. This is an "employment-discrimination action" subject to the mandatory early neutral evaluation requirements of LR 16-6. An Early Neutral Evaluation Conference is currently set for July 10, 2024. (Doc. 21.)

**IX.**  **Alternative Forms of Case Disposition**

The parties hereby certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Federal Rules of Civil Procedure 73 and the use of the Short Trial Program. At this time, the parties do not consent to trial by the magistrate judge or to the use of the Court's Short Trial Program.

**X.**  **Discovery Plan**

All discovery in this case will be conducted in accordance with the Federal Rules of Civil Procedure and applicable Local Rules of this District Court.  The parties propose to the Court the following cut-off dates:

a.  **Discovery Cut-off Date:**  The discovery cut-off deadline shall be **Monday, September 30, 2024,** 180 days after Defendant filed its answer on April 3, 2024.

b.      **Amending the Pleadings and Adding Parties:**  The deadline to amend pleadings or add parties shall be **Tuesday, July 2, 2024,** ninety (90) days prior to the discovery cut-off date of September 30, 2024, in accordance with LR 26-1(b)(2).

c.      **Expert Disclosures:**  The expert disclosure deadline shall be **Thursday, August 1, 2024,** sixty days prior to the discovery cut-off date of September 30, 2024, in accordance with LR 26-1(b)(3).  Rebuttal expert disclosures shall be made by **Tuesday, September 3, 2024,** thirty-three (33) days after the initial disclosure of expert's deadline, the thirtieth day falling on Saturday August 31, 2024, in accordance with LR 26-1(b)(3).  The parties shall have until the discovery cut-off date to take the depositions of the experts.  Expert discovery will be conducted in accordance with applicable Federal Rules of Civil Procedure and Local Rules of this District Court, specifically, Federal Rules of Civil Procedure 26(a)(2) and 26(b)(4), and Local Rules 26-1(b)(3).

d.      **Dispositive Motions:**  Dispositive motions shall be filed by **Wednesday, October 30, 2024,** thirty (30) days after the discovery cut-off date of September 30, 2024, in accordance with LR 26-1(b)(4).

e.      **Motions in Limine/*Daubert* Motions:**  Pursuant to LR 16-3(b), and unless the District Judge issues an Order with a different deadline or briefing schedule, any motions in limine, including *Daubert* type motions, shall be filed and served thirty (30) days prior to trial unless the District Judge issues an order with a different deadline or briefing schedule. Oppositions shall be filed and served, and the motion submitted for decision fourteen (14) days thereafter.  Reply briefs will only be allowed with leave of court.

f.      **Pretrial Order:**  The Pretrial Order shall be filed not later than **Friday, November 29, 2024**, thirty (30) days after the deadline for filing dispositive motions date, in accordance with LR 26-1(b)(5).   In the event dispositive motions have been filed, the Pretrial Order shall be suspended until thirty (30) days after a decision of the dispositive motions or further order of the Court.

g.      **Federal Rules of Civil Procedure 26(a)(3)** Federal Rules of Civil Procedure 26(a)(3), and any objections thereto, shall be included in the final pretrial order in accordance with LR 26-1(b)(6).

**JOINT DISCOVERY PLAN AND SCHEDULING ORDER**

Pursuant to Local Rule 26-3, any request to extend the case management deadlines set herein must be filed at least 21 days before the subject deadline(s) for which extension is sought.

h.      **Extensions or Modifications of the Discovery Plan and Scheduling Order:** ~~In accordance with LR 26-4, any motion or stipulation to extend a deadline set forth in this discovery plan and scheduling order shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline (September 9, 2024).  A request made within 21 days of the subject deadline will be supported by a showing of good cause.  Any stipulation or motion will comply fully with LR 26-4.~~

**IT IS SO STIPULATED.**

DATED this 23rd  day of May 2024.

WATKINS & LETOFSKY, LLP.

 */s/ Daniel R. Watkins*

_____
Daniel R. Watkins, Esq.
Nevada State Bar No. 11881
dw@wl-llp.com
WATKINS & LETOFSKY, LLP
8935 S. Pecos Rd., Ste. 22A
Henderson, NV 89074
Office:(702) 901-7553;
Fax: (702) 974-1297
Attorneys for Plaintiff, Destinie Williams

DATED this 23rd  day of May 2024

GORDON REES SCULLY MANSUKHANI, LLP

 */s/ Lori N. Brown*

_____
Lori N. Brown
Nevada Bar No. 8858
lbrown@grsm.com
Two North Central Avenue, Suite 2200
Phoenix, AZ 85004
Telephone: (602) 494-3651
Fax: (602) 265-4716
Attorneys for Defendant Star Protection Agency, LLC

**<u>ORDER</u>**

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

 May 29, 2024
_____
DATE